IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02490-BNB

NATHAN EARL BREACKENRIDGE,

      Plaintiff,

v.

SGT. MORRIS,
LT. THIEBADEAU,
LARRY REID, Warden, and
C/O WALKER,

      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 2 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER TO FILE SECOND AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Nathan E. Breackenridge is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He filed *pro se* an amended complaint for money damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1988 (2003) and 28 U.S.C. § 1343 (1993). Mr. Breackenridge may not assert a § 1988 claim. *Pro se* litigants may not recover an award of attorney's fees pursuant to this section. *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983). The policy underlaying § 1988 was not implemented to compensate *pro se* litigants. *Id.* Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2005) without payment of an initial partial filing fee.

The Court must construe the amended complaint liberally because Mr. Breackenridge is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Breackenridge will be ordered to file a second amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."  Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

2

Mr. Breackenridge's amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). The Court has done its best to summarize briefly the asserted claims. Mr. Breackenridge alleges that the defendants have conspired to deprive him of property. He apparently was not allowed certain property after he was transferred from the Sterling Correctional Facility to the Centennial Correctional Facility. He also alleges that the defendants have retaliated against him for filing grievances. On the basis of these allegations, he asserts that his constitutional rights have been violated.

Rather than summarizing each claim succinctly, Mr. Breackenridge apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Breackenridge's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Breackenridge must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Breackenridge also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each

3

defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Larry Reid, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss an amended complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Breackenridge should be given an opportunity to file a second amended complaint. He will be directed to do so below.

In addition, Mr. Breackenridge's allegations concerning his attempts to exhaust the DOC grievance procedure are confusing. The Court is unable to determine whether he has exhausted each of his claims through the DOC grievance system. He appears to have exhausted his claim that he was not allowed certain property at the Centennial Correctional Facility, but not his conspiracy and retaliation claims. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison *conditions under . . . any . . .* Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit

4

involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Breackenridge is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Breackenridge must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Breackenridge has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Breackenridge and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the

5

third and final step of the formal grievance process certifies that the grievance procedure has been exhausted.  *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g.  Therefore, Mr. Breackenridge will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Mr. Breackenridge is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant.  The Court will not make the copies necessary for service.  Therefore, Mr. Breackenridge should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Breackenridge file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure.  It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Breackenridge, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Breackenridge submit sufficient copies of the second amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Breackenridge fails to comply with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED May 22, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-02490-BNB

Nathan E. Breackenridge
Prisoner No. 81760
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _5/22/06_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk